## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 53029/53030/53031

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 17, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JAMIE MARIE JACKSON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Orders revoking probation, affirmed; judgment of conviction and unified sentence of ten years with a minimum period of confinement of two years for felony driving under the influence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

In these consolidated appeals, Jamie Marie Jackson entered an *Alford*[1] plea for two counts of excessive driving under the influence (DUI), Idaho Code § 18-8004C(2). In exchange for her guilty plea, additional charges were dismissed. (Docket Nos. 53029, 53030). The district court imposed consecutive, unified terms of five years with two years determinate in each case, suspended the sentences, placed Jackson on probation for a period of eight years, and ordered Jackson to complete the Wood Court treatment program. Subsequently, Jackson admitted to

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

violating the terms of the probation, and the district court consequently revoked probation and retained jurisdiction in both cases. Following the period of retained jurisdiction, the district court suspended Jackson's sentences and placed her on probation for a period of five years. Jackson again admitted to violating her probation and the district court again retained jurisdiction. Following completion of the period of retained jurisdiction, the district court again placed Jackson on probation for a period of five years.

While on probation, Jackson pled guilty to felony DUI and admitted to violating her probation. In exchange for her guilty plea, the persistent violator enhancement was dismissed (Docket No. 53031). The district court revoked Jackson's probation in Docket Nos. 53029 and 53030, executed her underlying sentences, and sentenced her to a consecutive term of ten years with two years determinate in Docket No. 53031. Jackson appeals, contending that the district court abused its discretion in revoking probation in Docket Nos. 53029 and 53030 and imposing an excessive sentence in Docket No. 53031.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

2

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by revoking probation or ordering execution of Jackson's sentences in Docket Nos. 53029 and 53030, or by imposing sentence in Docket No. 53031. Therefore, the orders revoking probation and directing execution of Jackson's previously suspended sentences and the judgment of conviction and sentence are affirmed.